# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

EDWARD DENNIS BROWN,

    Petitioner,

v.                                                                       CASE NO. 1:13-cv-00110-MP-GRJ

SECRETARY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

## **O R D E R**

This cause comes on for consideration upon the Magistrate Judge's Report and Recommendation dated June 11, 2014. (Doc. 17). The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). Petitioner has filed objections. (Doc. 18). I have made a de novo review based on those objections.

Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted. First, the magistrate judge was correct in ruling that even if Petitioner had new evidence showing that the victim was 12 years old, and not 11, when he first molested her, Petitioner would not qualify for the actual innocence exception to the AEDPA's time limit. The exception only applies when the new evidence absolves the defendant of the offense completely; it does not apply when the evidence

only shows that the defendant should have been convicted of a lesser degree of the offense.[1] *Rozelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.2d 1000, 1015-17 (11th Cir. 2012).

Second, at the time of the Report and Recommendation, the magistrate judge did not know what new evidence Petitioner was relying on. In his objection, Petitioner identified the new evidence as the deposition testimony of the victim. Doc. 18 at 4. The victim testified in her deposition that she did not remember how old she was when Petitioner first molested her. Doc. 18 at 18 (Deposition Transcript at 18, lines 13-19).

The deposition testimony is not new evidence. During trial, defense counsel cross-examined the victim about her deposition testimony. Doc. 12-1 at 164 (Trial Transcript at 51, lines 11-21); *see also* See Doc. 12-4 at 282-83 (Order Denying Motion for Post-Conviction Relief at 2-3). The prosecutor addressed the matter on his redirect examination. Doc. 12-1 at 166-67 (Trial Transcript at 53-54). The jury had the opportunity to consider the victim's trial testimony along with her inconsistent deposition testimony. Because the jury actually considered the deposition testimony, it is not new evidence. Nor does it "undermine confidence in the result of the trial" so as to satisfy the actual innocence exception to the AEDPA's time limit. *Schlup v. Delo*, 513 U.S. 298, 317 (1995). Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The magistrate judge's Report and Recommendation (Doc. 17) is adopted and incorporated by reference in this order.

---

[1] Petitioner was convicted of several offenses. The one at issue here is lewd or lascivious molestation in violation of Fla. Stat. § 800.04(5). Because the victim was only 11, the offense was classified as a life felony. Fla. Stat. § 800.04(5)(b). If the victim had been 12, the offense would have been classified as a second degree felony. Fla. Stat. § 800.04(5)(c)(2).

2.	The motion to dismiss (Doc. 12) is GRANTED and the petition for writ of habeas corpus (Doc. 1) is DISMISSED as time-barred.

3.	A certificate of appealability is denied because the procedural ruling in this case is not debatable among jurists of reason and Petitioner has failed to make a substantial showing of the denial of a constitutional right.

**DONE AND ORDERED** this *3rd* day of July, 2014

 *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge